LUPINSKI and others, Appellants, vs. INDUSTRIAL COMMIS-
SION OF WISCONSIN and another, Respondents.

*November 20—December 8, 1925.*

*Workmen's compensation: Award of industrial commission: Evi-
dence not disclosed until return of industrial commission to
circuit court: Minor in prohibited employment: Greasing
machinery in motion: Treble damages.*

1. If an award of the industrial commission cannot be sustained
   except by reference to a report of a safety inspector not dis-
   closed to the instant plaintiffs until discovered in the record
   returned to the circuit court, the award must be set aside.
   p. 411.
2. A boy seventeen years old, employed to operate a concrete
   mixer, but who claimed he received no instruction from his
   employer in respect to greasing or oiling the machine, deemed
   it part of his duty to grease it, and attempted to do so while
   it was in motion and was injured. *Held,* in a proceeding by
   the boy under the workmen's compensation act, that the proof
   warranted the industrial commission in finding that the claim-
   ant was never directed not to oil the mixer, and that under
   sub. (7), sec. 102.09, Stats., he was entitled to treble compen-
   sation for the injury because he was permitted to work at
   a prohibited employment. p. 413.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Workmen's compensation. Liability for treble compen-
sation. The claimant, *Frank Blum,* a boy seventeen years
of age, hired out to *Lupinski & Wolff,* who were engaged
in the general contracting business, as a laborer. After
he had been at work some time the employer was in need
of an operator for a concrete mixer and *Blum* offered to
take the place. He was assigned to operate the concrete
mixer, and about a week later, on July 31, 1923, sustained
the injuries complained of. The work that *Blum* had been
employed to do at first consisted of digging footings, wheel-
ing stone and gravel, and such other general labor as is
ordinarily performed about a concrete job. At the time

he was selected to operate the mixer the foreman contends that he told *Blum* not to grease the machine while it was running. This *Blum* denies. On the day on which the injury occurred *Blum* heard a noise, and, remembering that he had forgotten a couple of grease cups in the morning, started to turn them down while the mixer was running. He had nearly completed the greasing operations when a fellow workman started the machine, and while he was drawing his arm out it was caught in the gearing and the injuries complained of were sustained. The claimant was awarded normal compensation and there is no controversy in respect to that matter. The *Commission,* however, made the following award:

"The *Commission* now finds that applicant's injury of July 31, 1923, was proximately caused by reason of the violation of section 1728*a,* prohibiting a minor under eighteen years of age from oiling or cleaning dangerous or hazardous machinery in motion.

"The *Commission* further finds that because of such violation the applicant is entitled to treble compensation, of which two thirds is to be paid by the respondent employer."

This action was begun to review the award of treble compensation, and from a judgment confirming the award the plaintiffs appeal.

For the appellants there was a brief signed by *Quarles, Spence & Quarles,* attorneys, and oral argument by *Arthur B. Doe,* of counsel, all of Milwaukee.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan* and *Suel O. Arnold,* assistant attorneys general, and oral argument by *Mr. Arnold.*

ROSENBERRY, J. The first error complained of is that the *Commission* considered an unsworn statement by a safety inspector, which was in the *Commission's* files, but which was not disclosed to the plaintiffs until discovered in

the record returned by the *Commission* to the circuit court. If the award cannot be sustained except by reference to this report, we think the contention of the plaintiffs is right and should prevail. The attorney general concedes that, but contends that reference to the report is not necessary to sustain the findings, and we so hold.

The statute under which treble compensation was awarded is sec. 102.09, sub. (7), which provides:

"Compensation and death benefits, as provided in sections 102.03 to 102.34, inclusive, shall, in the following cases, be treble the amount otherwise recoverable: . . . (b) If the injured employee be a minor of permit age, or over, and at the time of the accident is employed, required, suffered or permitted to work at prohibited employment."

Oiling or greasing a hazardous machine while in motion is a prohibited employment. Sub. (3) (b) 10, sec. 103.05.

It is the contention of the plaintiffs that *Blum* was not employed, required, suffered, or permitted to oil or grease dangerous machinery while in motion. The claimant, with respect to the oiling, testified:

"He asked me if I could run it and I said 'sure.' I greased and oiled that machine every morning before the accident that I ever ran it. I thought it was my duty if I ran the mixer to grease it. The foreman had been there when I greased it. . . . There was a knock and I didn't know just where it was, and that morning I hadn't had time to grease the mixer so I— there was a couple of grease cups I had forgotten and I went back there and started turning them. I was using my left hand, and a fellow is a little awkward with that hand, and I had it all greased and was pulling my hand out and a fellow dumped a concrete dumper mixer and I turned toward him and drew my hand toward me. My hand got caught in the gears and the engine choked. . . . I saw that they always greased the mixer in the morning before they started. I suppose the gears themselves had been greased where this guard was over them, as well as the grease cups on the shaft. . . . I remember seeing the operator grease this particular grease cup where I got hurt

in the morning before the machine started, as well as the other grease cups, and then sometimes I would help out by turning the crank, and sometimes he would turn the crank and I would work the carburetor. . . .

"I hadn't ever seen anybody grease this mixer while it was running or any other mixer. Mr. Walters didn't give me any instructions to grease it while it was running and he didn't say I shouldn't, either. I knew that the other mixer operators did the greasing in the morning before they started. I never saw any of them grease it while it was running. I knew that was the general and regular practice and that was the way to do it. That is, to grease it before starting in the morning."

In view of the findings of fact made by the *Industrial Commission,* we must assume that the employer did not instruct the claimant not to grease the machine while it was in motion. Therefore the case stands this way: A boy seventeen years old is employed to operate a concrete mixer. He has received no instructions from his employer in respect to greasing or oiling the machine. He has never seen any one attempt to grease or oil a machine while it was in motion. While he is operating the machine, deeming it a part of his duty to oil and grease it, he becomes convinced by reason of a knock in the machine that it requires greasing, and as a part of his duty as operator attempts to grease it while in motion and is injured. Under such circumstances can the finding of the *Industrial Commission* that he was employed to grease hazardous machinery in motion be sustained?

In the solution of this question we get little if any help from adjudicated cases. No claim can be made that the act performed by the claimant was not done in the course of his employment and for the benefit of his employer. Nothing in the terms of his employment limited his work in any particular. He was simply to operate the machine. We are of the opinion that where a person is employed to operate an independent piece of machinery and his duties as such operator include oiling and greasing the machine,

and there is no express direction or prohibition with respect
to the time and manner in which such oiling and greasing
is to be done, it is a natural and reasonable incident to
his employment that the operator oil or grease the machine
if it needs it while it is in motion. The greasing of the
machine was a part of his duty as operator, and whether
he did it while at rest or in motion was left to his discretion.
There is nothing in the conduct of the claimant indicating
that the injury was one intentionally self-inflicted. The
greasing of the machine being an incident to his employ-
ment and the time and manner of doing it being left to
him, he was employed to perform the act he was engaged in
at the time he sustained his injury. Therefore the finding
of the *Commission* must be sustained without reference to
the. report of the inspector.

The holding in this case is confined to the facts presented
here. If the claimant had been employed definitely to do
nothing but operate the machine and had been directed not
to attempt to oil or grease it while it was in motion, a dif-
ferent question would be presented. The claimant here did
just exactly what a seventeen-year-old boy would be likely
to do under all the circumstances. Because boys of that
age are apt to undertake just such things as the claimant
did in this case, the legislature enacted this law prohibiting
their employment in the specified occupations. The trial
court said: "It is common knowledge that one who runs
a machine is expected to look after such details of opera-
tion as oiling and greasing. Applicant thought it was his
duty to grease the mixer if he ran it. One who places an
employee in control of the operation of a machine is charged
with knowledge of the fact that such employee will do
such things as are customarily done in the operation of
such a machine. The proof warranted the *Commission* in
finding that the applicant was never directed not to oil the
mixer while in motion;" and correctly held that the finding
of the *Commission* must be sustained.

*By the Court.*—Judgment affirmed.